IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick Anthony Lucas, | ) | Civil Action No. 4:11-70009-TLW |
| | ) | Criminal No. 4:07-794-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Derrick Anthony Lucas. ("Petitioner" or "Defendant"). On June 26, 2007, a federal grand jury returned a three-count indictment charging Defendant with: 1) possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B),  2) knowingly using and carrying a firearm during and in relation, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and 3) on or about July 13, 2005, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, .357 Magnum revolver and ammunition, all of which had been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e). (Doc. # 13). The defendant pleaded not guilty and proceeded to trial. Trial began on July 14, 2008 and finished on July 15, 2008. The jury found the defendant guilty on all three counts. (Doc. # 100). On January 23, 2009, the defendant was sentenced to three hundred twenty-four (324) months as to Count 1 and one hundred twenty (120) months as to Count 3; all such terms to run concurrently. (Doc. # 123). Defendant was sentenced to sixty (60) months to

run consecutively as to Count 2, for a total aggregate sentence of three hundred eighty-four (384) months. (Doc. # 123). Petitioner appealed his conviction. On October 7, 2009, the Fourth Circuit affirmed Petitioner's conviction in an unpublished opinion. (Doc. # 133).

Petitioner filed the present action on January 13, 2011, initially alleging three grounds for relief. (Doc. # 139). Petitioner contends he is entitled to relief due to "(1) ineffective assistance of counsel by both, trial counsel and appeals counsel, (2) Prosecutorial misconduct, (3) Abuse of discretion by the Trial Court." (Doc. # 139). However, Petitioner later states, "Petitioner will not pursue the issue surrounding Abuse of Discretion by the trial Court . . . . in that every ruling made, or not made by the court, was predicated upon the actions of Mr. Mills, and Mr. Bethea." (Doc. # 139 at p. 19). Accordingly, since Petitioner has not elected to proceed with his third grounds for relief, this Court shall not address it. Additionally, Petitioner notes, "Petitioner will not pursue presenting an ineffective assistance of counsel argument against appellate counsel . . . ." (Doc. # 139 at p. 20). Therefore, the Court in its review of the Petition will analyze the claims set forth of ineffective assistance of trial counsel and prosecutorial misconduct.

The United States of America ("Government") filed a response and a motion for summary judgment March 3, 2011. (Docs. # 146 and 147). Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed March 7, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 148). Petitioner filed a response in opposition to the motion for summary judgment on April 18, 2011. (Doc. # 150). This matter is now ripe for decision.

<u>**28 U.S.C. § 2255**</u>

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate,

2

set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C.A. § 2255.  Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334  Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Doc. # 146, 147). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of

course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner makes a claim of ineffective assistance of counsel and of prosecutorial misconduct. Both claims rest upon the argument that this Court lacked subject matter jurisdiction over the offense set forth in Count 2 of the indictment. Petitioner argues counsel was ineffective for not discovering and challenging the offense on this ground. Petitioner argues that it was

prosecutorial misconduct for the AUSA to prosecute a claim for which there is no subject matter jurisdiction.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

Petitioner's claims fail for the simple reason that this Court did in fact have subject matter jurisdiction over all charges brought against Petitioner. Petitioner argues that because the state had subject matter jurisdiction over his conduct, the federal government could not "infringe upon the primary jurisdiction of a state for the purposes of initiating criminal prosecution in a federal court . . . as to identical charges, that's pending for trial in a state court." (Doc. # 139 at pp. 11-12). Petitioner has presented no evidence or caselaw which supports his assertion. Moreover, the caselaw presented by the Government supports its position that Petitioner could have been tried and convicted in both state court and federal court for his acts. See Heath v. Alabama, 474 U.S. 82, 88 (1985); United States v. Alvarado, 440 F.3d 191, 196-98 (4th Cir. 2006). See also Castro-Sanchez v. United States, 2010 WL 3154328 (M.D. Fla. 2010). Accordingly, Petitioner's challenge to this Court's subject matter jurisdiction fails. As such,

Petitioner's grounds for relief are without merit. Counsel was not ineffective because there was no valid ground by which to challenge the subject matter of Count 2, and there was no prosecutorial misconduct for prosecuting Count 2 because there was federal subject matter jurisdiction.

<u>**CONCLUSION**</u>

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 139), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 147), and this action is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
TERRY L. WOOTEN
United States District Judge

September 22, 2011
Florence, South Carolina