IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Derrick Anthony Lucas | Crim. No. 4:07-cr-00794-TLW-1<br><br>**Order** |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant was convicted at trial of three counts:

Count 1: Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii);

Count 2: Using and Carrying a Firearm, During and In Relation to, and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A);

Count 3: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g).

After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range on Count 1 was 10 years to Life, followed by at least 8 years of supervised release. PSR ¶¶ 120, 124. At sentencing, his Guidelines range was 324 to 405 months, plus 60 months consecutive on Count 2, followed by 8 years of supervised release. PSR ¶¶ 121, 127; ECF No. 124. The Court imposed a total sentence of 384 months, followed by an 8-year term of supervised

1

release.[1]  ECF No. 123.  After two sentence reductions pursuant to Guidelines amendments, his total custodial sentence is currently 288 months, followed by 8 years of supervised release.[2]  ECF Nos. 166, 185.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(B)(iii).  Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 5 grams to 28 grams.  Thus, he is eligible for a sentence reduction under § 404(b) of the First Step Act.  *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019).

Defendant's motion is not entirely clear about whether he is requesting a full resentencing.  To the extent he is, Judge Currie has considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing.  *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr.

---

[1] Specifically, his original sentence of imprisonment consisted of concurrent terms of 324 months on Count 1 and 120 months on Count 3, plus 60 months consecutive on Count 2.

[2] Specifically, his current sentence of imprisonment consists of concurrent terms of 228 months on Count 1 and 120 months on Count 3, plus 60 months consecutive on Count 2.

15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See id.* at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report (SRR), and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation.[3] In light of these considerations, the Court concludes that a reduction to his term of imprisonment is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) application of the First Step Act does not change his

---

[3] The Court's consideration includes the arguments he raised in his First Step Act motion, including his asserted lack of prior convictions for "serious violence against another person," the length of his prior sentences, that the conviction listed in the § 851 Information would no longer qualify for § 851 purposes, and the possibility of a variance under *Dean v. United States*, 137 S. Ct. 1170 (2017).

3

Guidelines range, which remains at 210 to 262 months—the same range that applied when the Court reduced his sentence pursuant to Amendment 782; (2) he was held accountable at sentencing for 1.5 kilograms of crack; (3) he possessed a firearm in connection with his drug dealing activities; (4) he has a lengthy and significant criminal record, including convictions for assault, burglary, grand larceny of a vehicle, and numerous drug offenses, both possession and distribution; and (5) he was on probation when he committed the instant offense. However, the First Step Act's change of his statutory term of supervised release to at least 6 years results in a corresponding change to his Guidelines range of supervised release, and the Court concludes that it would be appropriate to reduce his supervised release term to 6 years.[4]

---

[4] In most cases where a defendant was held accountable at sentencing for a crack weight that substantially exceeds the current threshold, the Court has denied a First Step Act reduction to both the prison term and the supervised release term. That approach is based on the reasonable assumption that if the post-Fair Sentencing Act threshold amounts had been in place when the offense was committed, the Government would have charged that higher threshold amount. *See, e.g.*, *United States v. Crawford*, No. 4:05-cr-00470-TLW-1, 2020 WL 95689, at *2 (D.S.C. Jan. 8, 2020) (denying a First Step Act motion where the defendant was convicted of 50 grams or more of crack, but was held accountable for a crack weight of 5.4 kilograms), *appeal docketed*, No. 20-6098 (4th Cir. Jan. 22, 2020). But here, it is reasonable to conclude that the Government would not have charged the higher threshold amount.

The factual basis of Count 1 was that a search of Defendant's residence uncovered about 14 grams of crack, among other illegal items. *See* PSR ¶ 13. As a result, he was charged with possessing with intent to distribute 5 grams or more of crack. But because the amount found at his residence was lower than the current 28-gram threshold, the Government could not have charged him with the current § 841(b)(1)(B) threshold amount as a result of that conduct. Thus, if the Fair Sentencing Act had been in place at the time of his indictment, he only would have been charged with possessing with intent to distribute a quantity of crack, in violation of § 841(b)(1)(C), not (b)(1)(B). For that reason, he is unlike most other defendants where it is reasonable to conclude that they would have been charged under the

Pursuant to the First Step Act and for the reasons set forth in the motion and SRR, Defendant's motion, ECF No. 214, is **GRANTED IN PART AND DENIED IN PART**, as set forth above.  An amended judgment will follow.

**IT IS SO ORDERED.**

              *s/ Terry L. Wooten*
              Terry L. Wooten
              Senior United States District Judge

September 24, 2020
Columbia, South Carolina

---

current threshold amounts if the Fair Sentencing Act had been in place at the time of their indictments.  Here, if Defendant had been charged under § 841(b)(1)(C), his Guidelines range would have been the same, but his supervised release term would have been reduced from 8 years to 6 years.